# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Respondent. | Case No. 1:18-cv-00665-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS BE GRANTED FOR FAILURE TO EXHAUST, THAT PETITION BE DISMISSED WITHOUT PREJUDICE, AND THAT THE COURT DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 12) |

Pro se petitioner Donald Douglas Bone is a state prisoner proceeding *in forma pauperis* with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Scott Kernan moves to dismiss the petition. (Doc. No. 12.) The undersigned will recommend that the court grant respondent's motion to dismiss for petitioner's failure to exhaust remedies in state court.

**I.    BACKGROUND**

This habeas proceeding concerns petitioner's claim that the California Department of Corrections and Rehabilitation ("CDCR") violated his due process rights when it denied him early release. Petitioner had been scheduled to be released on April 24, 2018, a date that took into account a 90-day Education Merit Credit that CDCR had awarded him under Cal. Code Regs. tit. 15, § 3043.5. (Doc. No. 1, at 11.) On April 17, 2018, one week before his scheduled release, petitioner received a notice that CDCR had rescinded the Education Merit Credit and that his new

1

release date would be July 22, 2018. (Doc. No. 12, at 23.) Petitioner filed an institutional grievance, appealing CDCR's decision to rescind his Education Merit Credit. (*Id*. at 13-22.) On June 12, 2018, C. Flores, an Associate Warden, partially granted petitioner's appeal, acknowledging that CDCR had inappropriately rescinded petitioner's Education Merit Credit. (*Id*. at 22.) Although Associate Warden Flores restored petitioner's Education Merit Credit, he denied petitioner's request to have his release date restored, relying on a regulation that states that—except pursuant to a court order—an inmate's credit cannot be restored if that credit advances the inmate's release to a date less than 60 calendar days from the date of restoration. (*See id*. at 13-14); Cal. Code Regs. tit. 15, § 3043(c). Petitioner filed his habeas petition in this case on May 10, 2018, while the decision on his institutional grievance was pending.

## II.     ANALYSIS

Generally, a federal court may not grant a state prisoner's petition for a writ of habeas corpus unless the prisoner has exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (applying exhaustion requirement for Section 2241 petition). To satisfy the exhaustion requirement, a petitioner must "fairly present" his habeas claims "in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (quoting *Baldwin v. Reese*, 541 U.S. 27, 30 (2004)). The exhaustion requirement, rooted in the principles of comity, ensures that the state courts have "the first opportunity . . . to correct the errors made in the internal administration of their prisons." *Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)); *accord Beames v. Chappell*, No. 1:10-cv-01429, 2015 WL 403938, at *3 (E.D. Cal. Jan. 28, 2015) (collecting cases).

Here, petitioner has not exhausted his state remedies because he never presented his claims to California state courts. Before dismissing his petition, however, the court must consider whether any exception to the exhaustion requirement applies. A state prisoner need not exhaust remedies in state court if "(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B). As for the first condition, petitioner has a state corrective process available to him: California courts have granted relief to inmates denied credit because of prison administrators' errors. *See Basque v. Schwartz*, No. 2:07-cv-258, 2009 WL 187920, at *2 (E.D. Cal. Jan. 20, 2009), *findings and recommendation adopted*, 2009 WL 1110552 (E.D. Cal. Apr. 24, 2009) (collecting cases).

Similarly, petitioner has not demonstrated that circumstances exist that render the state process "ineffective to protect the rights of the applicant." The undersigned is mindful that petitioner's habeas claims require an expeditious ruling and that pursuing remedies in state court will take time. Even so, only "extreme" or "unusual" delays in state court proceedings can justify an immediate federal review, and any such delay must be "attributable to the state rather than to the individual." *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998). There has been no such delay here, since petitioner has yet to present his claims to California state courts.

For these reasons, the undersigned will recommend that the court grant respondent's motion to dismiss. The undersigned will recommend that the dismissal be without prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not disagree either that petitioner's state-court remedies are unexhausted or that a California state court should have the first opportunity to address petitioner's claims. Thus, the undersigned will recommend that the court decline to issue a certificate of appealability.

**IV.   FINDINGS AND RECOMMENDATIONS**

The undersigned recommends that the court:

1. grant respondent's motion to dismiss (Doc. No. 12);
2. dismiss the petition without prejudice; and
3. decline to issue a certificate of appealability.

The undersigned submits the findings and recommendations to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   June 25, 2018              /s/ *Jeremy D. Peterson*
                                    UNITED STATES MAGISTRATE JUDGE