UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE, | Case No. 1:18-cv-00665-AWI-JDP |
| Petitioner, | ORDER DENYING MOTION TO REOPEN CASE |
| v. | ECF No. 24 |
| SCOTT KERNAN, | |
| Respondent. | |

Petitioner Donald Douglas Bone was a state prisoner who, without counsel, sought a writ of habeas corpus under 28 U.S.C. § 2254. We dismissed his petition in August 2018 based on petitioner's failure to exhaust his state-court remedies. ECF Nos. 15, 22. Since that dismissal, petitioner has been released from prison; he is now in ICE custody.[1]

Petitioner moves to reopen his case, arguing that this court dismissed his petition based on a mistaken belief that he had not exhausted his state-court remedies. ECF No. 24. We find petitioner's argument frivolous. The California Supreme Court's order attached to petitioner's motion indicates that the California Supreme Court denied petitioner's request in March 2019—months after this court's dismissal for lack of exhaustion. *Id.* at 3. The California Supreme

---

[1] Petitioner, a Canadian citizen, faces deportation after sexually abusing his adopted daughter "20 to 30 times," starting shortly after her fifth birthday. *Bone v. Lewis*, No. 01-cv-4971, 2006 WL 1390442, at *2 (N.D. Cal. May 19, 2006), *aff'd*, 284 F. App'x 456 (9th Cir. 2008).

1

Court's order is hardly evidence that this court erred in dismissing the petition. Petitioner's motion also presents another problem: he has been released from prison, and this court lacks jurisdiction to consider his challenge against pending deportation absent final order of removal—as Judge Jennifer L. Thurston and Judge Erica P. Grosjean have already explained to petitioner in other cases. *See Bone v. Holder*, No. 14-cv-1747, ECF No. 26 at 5-6; *Bone v. Sessions*, No. 18-cv-971, ECF No. 11 at 3. In addition, the alleged violation in this case—miscalculation of petitioner's date of release from state prison—concerns a term of state custody that has already concluded; it has nothing to do with petitioner's current ICE custody. Because petitioner has been released from state custody, the petition is moot, and this court lacks jurisdiction to grant habeas relief. *See Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010).

**ORDER**

Petitioner's motion to reopen case, ECF No. 24, is denied.

IT IS SO ORDERED.

Dated: March 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE